JAMES C. WARE

V.

LAZARUS HIRSCH.

</div>

1. SALE TO CREDITORS.—The facts in this case as to the sale being the same as the preceding, it is affirmed for the same reason.

2. PRACTICE—RECALLING JURY.—Where, after the jury had retired, the court upon its own motion caused the jury to be recalled and allowed the appellee to put a question to a witness which had been proposed while the

witness was on the stand before the evidence was closed, but the court had then declined to permit the question to be asked, *held*, that the recalling of the jury was a matter resting in the sound discretion of the court.

APPEAL from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.    Opinion filled February 25, 1886.

Mr. THOS. J. SMITH, for appellant.

Mr. J. L. RAY, for appellee.

WALL, P. J.    This was an action of replevin to recover certain goods levied upon by appellant as sheriff by virtue of a writ of attachment in his hands in favor of Toule, Carl & Co., against J. W. Jefferson.

There was a verdict and judgment in favor of appellee.

The goods in controversy were a part of the stock referred to in the preceding case, Ware v. Hirsch, and the title of the appellee rests upon the facts disclosed by the record in that case.

Substantially the same questions are presented as to the validity of the possession relied upon by appellee.    For the reasons given in that case we are of opinion the appellee was entitled to recover and it is unnecessary to repeat what was there said.

Another point is urged here.    After the jury had retired the court upon its own motion caused the jury to be recalled and allowed the appellee to put a question to the witness Jefferson, which had been proposed while the witness was on the stand before the evidence was closed, but the court then declined to permit the question to be asked.

This action of the court, in recalling the jury for this purpose, was objected to by appellant and is now assigned as error.    It was a matter resting in the sound discretion of the court.

If upon reflection the court was of opinion that it had improperly excluded the evidence, it had the power to take this course for the purpose of correcting the mistake, and

Ware v. Hirsch.

unless it appears that the rights of the party objecting have been unduly prejudiced thereby such action will not be deemed error.

It is objected further that the evidence elicited was incompetent and should have been excluded for that reason.

The question put to the witness was whether he had notified the attaching creditors that he would settle with them, and in reply he stated that he wrote to them notifying them that he had sold the Ludlow store to the other parties and requesting them to meet him that he might settle with them, and that he got a letter from them in reply.

It is urged by appellant that this evidence was incompetent because it was but a statement of the contents of a writing. Appellee insists that the letter was a mere notice, and that the fact of sending it and that a reply was received showing that the notice had not miscarried, is no violation of the familiar rule which prohibits parol proof of the contents of a disputed and material writing in existence, citing Williams v. G. M. I. Co., 68 Ill. 387. Appellant does not object to proving notice, but to proving it in this way. Assuming, without deciding, that the rule referred to is applicable here, we think the error is not of such importance as to justify a reversal. The statement made by the witness was general and he did not assume to give the precise contents of the letter. The effect of the testimony was more in the fact that the letter was really sent and received than in what was its exact purport.

But it is not apparent why the verdict should not have been the same without this evidence. Indeed we think the admission or rejection of it should have made no difference.

The verdict is right in our opinion, regardless of this evidence. The Supreme Court has repeatedly held that where it can see the verdict is a just one it will not reverse for an error in admitting evidence which did not probably affect the result.

We think that rule should prevail in the present instance.

Finding no error prejudicial to the appellant the judgment will be affirmed.

Affirmed.